IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE LEE JONES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-00456-K (BT) |
| | § | |
| FRANK DOUGLAS, et al, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this *pro se* prisoner case has been referred to the United States magistrate judge. The findings, conclusions, and recommendation of the magistrate judge follow:

I.

Plaintiff filed a civil complaint under 42 U.S.C. § 1983 on February 21, 2019. On February 27, 2019, the Court sent Plaintiff a notice of deficiency for failure to file the complaint on the appropriate form, and for failure to pay the filing fee or file a motion to proceed *in forma pauperis*. On April 3, 2019, Plaintiff filed an amended complaint and a motion to proceed *in forma pauperis* accompanied by a copy of his inmate trust account. On April 9, 2019, the Court issued an Order informing Plaintiff that the Court determined that he has sufficient assets to pay the full filing fee and granted Plaintiff 30 days from the date of the Order to pay the filing fee in its entirety. More than 30 days have passed, and Plaintiff has failed to pay the filing fee.

1

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). On April 9, 2019, the Court issued an Order advising Plaintiff that he must pay the full filing fee within 30 days. However, Plaintiff has failed to comply with the Court's Order. Although Plaintiff filed a letter with the Court, requesting the Court consider his "undue hardship," the letter did not contain any new information to persuade the Court that Plaintiff lacks the ability to pay the full filing fee in this case. This litigation cannot proceed until Plaintiff complies with the Court's order and pays the full filing fee. Accordingly, the complaint should be dismissed for failure to comply with the Court's Order to pay the filing fee.

III.

The complaint should be dismissed under Fed. R. Civ. P. 41(b).

Signed May 20, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).